JAMES McDERMOTT, plaintiff in error, *v.* THE PEOPLE, defendants in error.

On the trial of an indictment, under 2 *R. S.*, 698, § 3, for an attempt to commit arson, it appeared that the prisoner, having prepared camphene and other combustibles, and placed them in his room, solicited McD. to use them in burning a barn of S. D., and promised to give him a deed of land if he would do so, and it was held that the proof was sufficient to warrant the conviction.

Form of an indictment for an attempt to commit arson in the third degree.

THIS case came before the court on a writ of error to the Court of Sessions of Monroe county.

The first count of the indictment against the plaintiff in error, was as follows:

*State of New York, Monroe County,* ss.

The jurors of the People of the State of New York, in and for the body of the county of Monroe, aforesaid, upon their oaths aforesaid, do present: That James McDermott, on the first day of February, 1859, at the town of Greece, in the said county, did attempt, unlawfully and feloniously to set fire to, and burn

McDermott *v.* The People.

a certain barn of Samuel Davison, there situate, with intent to injure the said Samuel Davison, against the form of the statute, in such case made and provided, and against the peace of the People of the State of New York, and their dignity.

The second count also charged an attempt to burn the barn, and the third and fourth counts were for inciting Henry McDonnell to burn it.

The prisoner pleaded not guilty, and, after a trial, he was found guilty, and sentenced to three years' imprisonment in the State prison.

Thereupon, a writ of error was sued out, and the record removed into this court.

The facts sufficiently appear in the opinion of the court.

The cause was argued by —

*T. Hastings*, for the plaintiff in error.

*Calvin Huson*, for the People.

*By the Court*, KNOX, J. The indictment upon which the defendant was convicted at the Monroe Sessions, in 1859, and sentenced to be imprisoned in the State prison at Auburn for three years, contains four counts. The first and second allege that the defendant " did attempt, unlawfully and feloniously, to set fire to and burn a certain barn," &c. ; and the third and fourth charge that " the defendant did, unlawfully, falsely and maliciously, solicit and incite one Henry McDonnell, unlawfully, &c., to set fire to the barn," &c.

On the trial, it was proved that the barn mentioned was on a farm owned and occupied by one Davison, with whom the prisoner had had much difficulty ; that a barn had previously been burned on the same premises, and that the defendant went to McDonnell and said to him that " the place of Davison gave him a great deal of trouble, and he wished to get some one to burn it up ; he said if I would burn the place he would give me the deeds and assign over all his right and title to me of the place ; when he spoke of burning, he used the word ' building ' or ' premises ; ' he said he had camphene and

other combustibles in his room; he said if I would go out there he would furnish a horse and buggy to bring me back; he said it would be hitched or standing at a gate about the premises, on the Paddy Hill road," etc.

The principal question is, did the evidence support either count in the indictment? or, to state it more precisely, can a person be convicted properly, under this evidence, of the offense mentioned in the following section of the statute? "Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, and shall be prevented or intercepted in executing the same, shall be, upon conviction, punished," &c. (3 *R. S.*, *5th ed.*, *p.* 583, *sec.* 3; 2 *R. S.*, *1st ed.*, 698.)

Were it not for the elaborate and learned brief which the defendant's counsel has furnished, I should not hesitate a moment to say that the conviction was right; and sustained by the case of *The People* v. *Bush*, 4 *Hill R.*, 133. But, as the soundness of the opinion in that case is questioned, it may not be unprofitable to examine the question here, in the light of reason, as well as authority.

The two important and essential facts to be established to convict a person of an offense, are, first, an intent to commit the offense; and, second, some overt act consequent upon that intent toward its commission. So long as the act rests in bare intention, it is not punishable; *cogitationis pœnam nemo patitur.* It is only when the thought manifests itself by an outward act in or toward the commission of an offense, that the law intervenes to punish. As we cannot look into the mind to see the intent, it must, of necessity, be inferred from the nature of the act done, and if that be unlawful, a wicked intent will be presumed. These are fundamental legal principles. Now, applied to the facts of this case, what do we find? We find that the defendant intended to commit the crime of arson; indeed, he had committed the offense "already in his heart." What were the overt acts toward the commission? He had prepared camphene and other combustibles, and had them in

his room, and then he went a step further and solicted McDonnell to use those combustibles to burn the building, promising him, if he would do so, to " give him the deeds of the place, and assign to him his right in the same." We have, then, the fixed design of the defendant to burn this barn, and overt acts toward the commission of the offense, and a failure in the perpetration of it. The offense, then, is fully made out, for the intent to do the wrongful act, coupled with the overt acts toward its commission, constitutes the *attempt* spoken of by the statute.

There are one or two other questions raised by the defendant, but I consider them, and it is evident that his counsel does, of no moment. The conviction was right, and should be affirmed.

