## Court of General Sessions—County of New York.

December, 1901.

## THE PEOPLE v. JOHN J. SCANNELL AND WILLIAM L. MARKS.

(35 Misc. 483.)

INDICTMENT—PLEA IN ABATEMENT ABOLISHED—CODE CRIM. PRO., SECTIONS 273, 321, 323, 332, 334.

The provisions of the Criminal Code are explicit and the authorities are decisive that a plea on information and belief, by a defendant indicted for conspiracy, that one of the members of the grand jury that found the indictment was a non-resident of the county, and that, therefore, the indictment was void, is not a plea authorized by the law and is inadmissable.

PLEA in abatement.

Eugene A. Philbin, district attorney, Samuel H. Ordway, assistant district attorney, for people.

Nicoll, Anable & Lindsay and Myers, Goldsmith & Bronner, for defendants.

GOFF, R.    On the 22d of November, 1901, an indictment for conspiracy was filed in this court against the defendants. Subsequently on the same day the defendants appeared and gave bail.    On the twenty-seventh of November, defendants were arraigned for pleading, and on such arraignment they moved for an inspection of the minutes of the grand jury. This motion was granted on condition that the case be set down for pleading on Tuesday, December third.

On December third the defendants were again arraigned and they interposed a plea on information and belief that one of the members of the grand jury that found the indictment was not a resident of the county of New York, and that, therefore, the indictment was void.    The district attorney objected that this plea was inadmissible, and moved that it be overruled.

It is unnecessary to discuss or decide whether the question of the nonresidence of a grand juror should be raised by plea in abatement or by motion to quash, or whether such objection can prevail after indictment found, or whether nonresidence of a grand juror vitiates the indictment. Authorities and text writers may be found in support and in opposition to either one of these contentions. On one proposition there is harmony, and that is that the defendant must avail himself of the objection before issue joined, while respectable authority lays down the rule that the defendant when arraigned must, if at all, take advantage of this plea, and that a general continuance will deprive him of this advantage. Chitty Cr. L. 446; Bish. Cr. Proc. sec. 730; Bass. Cr. Pl. 204; State v. Swafford, 1 Lea, 274; Lawrence v. State, 59 Ala. 61; State v. Baldwin, 80 N. C. 390.

There is neither suggestions nor allegation that the defendants were in fact injured or prejudiced in any way by the presence on the Grand Jury of the member alleged to be a nonresident. At common law their plea would be regarded as technical and dilatory, and since they avail themselves of this form of plea, there is no good reason why the strict rule of procedure which prevailed at common law should not be applied. Dolan v. People, 64 N. Y. 485. I am therefore of opinion that when they appeared in court on the twenty-seventh of November, and moved the court for a favor, to inspect the minutes of the grand jury, which was granted, and further moved the court for another favor, a continuance (an unavoidable inference from the record of the postponement of pleading to the third of December) which was also granted, they waived whatever right or privilege they possessed to interpose a plea in abatement. On this ground the plea should be overruled.

But even assuming that the plea was interposed at the proper time, there yet remains the question whether a plea described as a plea in abatement, is admissible under our present procedure. In 1881 an act to establish a code of criminal procedure was passed. The courts have declared that by this act the

Legislature intended to form a complete code of criminal practice which would be simple and direct, and which would supersede all forms of procedure which had previously existed. People v. Clements, 5 N. Y. Crim. 294; People v. Clark, 8 id. 174; People ex rel. Benton v. Court of Sessions, 46 N. Y. St. Repr. 255; Hewitt v. Newburger, 48 id. 813; People ex rel. Baker v. Beatty, 39 Hun, 476.

In People v. Bliven, 112 N. Y. 92, the Court of Appeals by Peckham, J., said that " The tendency of modern thought as exhibited in criminal legislation (referring to the Criminal Code) is to free practice from mere technicalities, and to bring to the trial of the indictment the very merits of the issue between the People and the defendant, and in the plainest and least formal style."

To this new system of practice designed to supersede the old, we must look for guidance and ascertain from its rules if provision is made for such a plea as defendants offer. Section 273 reads, "All the forms of pleading in criminal actions, heretofore existing, are abolished; and hereafter, the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code." So far as applicable to the question under consideration, an analysis of this section shows two distinct declaration: (1) that all forms of pleading heretofore existing are abolished, and (2) that hereafter the forms of pleading of those prescribed in the Code. Among the forms of pleading which existed was the plea in abatement, and when the sweeping abolition of all forms was decreed, manifestly this form of plea was abolished. There is neither reservation nor exception in the language of the statute. It is plain and direct. It says all forms of pleading are abolished, and neither refinement nor differentiation of words can alter or detract from its true meaning.

Therefore, unless a plea in abatement be prescribed as a form of pleading by the second declaration of the section, it follows that such a form of plea having been abolished, it is now unknown to our law.

It is declared by section 321 that " The only pleading on the part of the defendant is either a demurrer or a plea." The grounds of demurrer are specified in section 323, and the kinds of pleas are enumerated in section 332. These pleas are three in number, first, guilty; second, not guilty; third, former judgment of conviction or acquittal. Each of these pleas must be oral (sec. 333), and must be entered upon the minutes of the court in the form prescribed by section 334. When section 321 says that the *only* pleading on the part of the defendant is either a demurrer or a plea, and proceeds to enumerate the kinds of pleas, it is meant that the *only* pleas on the part of the defendant are, guilty, not guilty, or former judgment of conviction or acquittal. Pleading includes both demurrer and plea, therefore the word *only* is descriptive of " plea " as included in " pleading," and it must be held to exclude all pleas not enumerated.

A further proof that a plea in abatement has been eliminated from our criminal procedure is that all pleas must be oral (sec. 333), and must be entered upon the minutes of the court in a prescribed form. Sec. 334. The plea which is tendered by the defendants is in writing and in a form of their own construction, and consequently does not comply with the requirements that a plea must be oral and must be entered in a certain form.

My attention has not been called to a case nor have I been able to find one where a plea in abatement has been entertained in this State, since the adoption of the Criminal Code. Immediately after the Criminal Code went into effect in 1881, the defendant in People v. Petrea interposed a plea in abatement on the ground that the statute under which the grand jury that found the indictment was drawn, was unconstitutional and void. The Trial Court overruled the plea, and the General Term affirmed the ruling, holding that, under the Code, it was inadmissible. People v. Petrea, 30 Hun, 98. On appeal to the Court of Appeals, it was held, Andrews, J., writing for the court, that the law in question was unconstitutional and void, but that notwithstanding, the paper filed by the defendant as

a plea was not a plea authorized by the Criminal Code, and was therefore properly overruled.   The points decided were that the law was unconstitutional, and that the plea interposed was inadmissible.   People v. Petrea, 92 N. Y. 128.

The doctrine of this case was reaffirmed in People v. Hooghkerk, 96 N. Y. 149, with the additional point that the defendant could not under the Code take the objection before indictment which under the decision of the Petrea case he could not take after indictment.

In addition to the grounds before assigned for overruling the plea, it is my opinion that the provisions of the Criminal Code are explicit and the authorities are decisive that the paper offered as a plea is not a plea authorized by law, and it is therefore inadmissible.

Plea overruled.