PEOPLE v. QUIMBY et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

HOMICIDE—INDICTMENT—ACT OR OMISSION CAUSING DEATH.

Code Cr. Proc. § 275, subd. 2, requires an indictment to contain a plain and concise statement of the act constituting the crime, and Pen. Code, § 193, subd. 3, makes a killing of a human being through an act, procurement, or culpable negligence of defendant manslaughter in the second degree. Held, that an indictment under section 193, subd. 3, alleging that defendant failed to furnish decedent with proper and necessary medicines, medical aid, and attention was demurrable as not showing the act or omission relied on.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Homicide, § 214.]

Hooker, J., dissenting.

Appeal from Westchester County Court.

Prosecution against John Quimby and others for manslaughter in the second degree. From an order sustaining a demurrer to the indictment, the people appeal. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

J. Addison Young, for the People.
Aaron P. Jetmore, for respondents.

MILLER, J. The indictment demurred to attempts to charge the commission of the crime of manslaughter in the second degree, as

defined by subdivision 3 of section 193 of the Penal Code, and the "act, procurement, or culpable negligence" alleged was the failure of the defendants to supply and provide the deceased with "proper and necessary medicines, medical care, and attention." It seems plain that this is not a compliance with subdivision 2 of section 275 of the Code of Criminal Procedure, which requires the indictment to contain "a plain and concise statement of the act constituting the crime," because it is impossible to tell from this indictment what the particular act of culpable negligence relied upon was. There is no allegation from whicn we can tell in what respect the defendants failed in the discharge of their duty to the deceased, and certainly there is nothing which apprises the defendants of the particular act or omission with which they are charged. Judging from the argument and the brief of the learned district attorney, it must have been assumed that the defendants did not furnish any medicines, medical care, or attendance, but this is not the allegation of the indictment, and if in fact they undertook to furnish any, in what particular they failed to discharge their duty is left wholly to conjecture. The standard for determining what is proper and necessary medical care is too variable for that expression to be used as the description of a definite act. Obviously, nothing more than the mere conclusion of the pleader is alleged, and no fact is stated from which we can ascertain what particular act or omission is relied upon as constituting the crime. In the case of People v. Buddensieck, 103 N. Y. 487, 9 N. E. 44, 57 Am. Rep. 766, relied upon by the appellant, the acts of negligence were circumstantially described. In the case of People v. Pierson, 176 N. Y. 201, 68 N. E. 243, 63 L. R. A. 187, 98 Am. St. Rep. 666, the indictment charged a violation of section 288 of the Penal Code in the omission, without lawful excuse, to furnish any medical attendance.

As the indictment fails to apprise us of the particular acts or omissions relied upon as constituting the crime, it would be profitless to discuss the other questions presented on this appeal.

The order of the County Court of Westchester County sustaining the demurrers to the indictment should be affirmed. All concur, except HOOKER, J., who dissents.