COUNTY COURT—OSWEGO COUNTY,

Sept., 1913.

## THE PEOPLE v. SAMUEL WALDHORN.

(82 Misc. 238.)

(1.) INDICTMENT—ATTEMPT TO COMMIT ARSON IN FIRST DEGREE *—CODE
CRIM. PRO., § 75.

An indictment for an attempt to commit arson in the first de-
gree, which alleges no facts or acts of defendant showing how the
attempt was made, does not comply with section 275 of the Code
of Criminal Procedure.

(2.) SAME—MINUTES OF GRAND JURY—MOTION TO DISMISS.

That defendant, by order of the court, obtained a copy of the
minutes of the grand jury as a basis for a motion to dismiss the
indictment did not bar him from testing the validity of the indict-
ment upon a demurrer filed at the time of his arraignment.

DEMURRER by defendant to indictment charging him with
the crime of attempt to commit the crime of arson in the first
degree.

*Francis D. Culkin*, district attorney, for plaintiff.

*Frederick T. Cahill*, for defendant.

ROWE, J. If the charge in this case was arson instead of an
attempt to commit arson the indictment could probably be
sustained.

To ascertain the elements necessary to constitute the crime

* See Note, Vol. 24–175.

of an attempt to commit arson reference must be had to sections 2 and 221 of the Penal Law.

Section 2 defines " Attempt to commit a crime " as follows: " An act done with intent to commit a crime, and tending but failing to effect its commission is ' an attempt to commit that crime.' "

As far as it is material in this case section 221 defines arson in the first degree as follows: " A person who wilfully burns, or sets on fire, in the night time:  (2)  *  *,  *  a building *  *  *  wherein to the knowledge of the offender, there is, at the time, a human being, is guilty of arson in the first degree."

Criminal procedure is not the technical maze it once was, in fact it has greatly changed, and the strong tendency of the courts is toward still more simple practice and the trial of cases upon their merits, but defenses and objections which are based upon substantial merit or statutory right cannot be set aside.

The demurrer in this case is upon the ground (1) that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure. (2) That the facts stated do not constitute a crime.

Section 275 of the Code of Criminal Procedure requires that the indictment must contain " a plain and concise statement of the act constituting the crime."

These statutory provisions thus require the *acts* to be set forth showing the manner in which it is alleged the defendant attempted to set fire to the building in question.  An attempt to burn a building can be made in numerous ways.  No facts or acts of the defendant are set forth in this indictment showing how the attempt was made.  The indictment reads as follows:

" THE GRAND JURY of the County of Oswego, by this indictment accuse Samuel Waldhorn of the crime of attempting to

commit the crime of arson in the first degree, committed as follows:

"The said Samuel Waldhorn, on or about the 19th day of February, 1912, at the city of Fulton in this county, in the night time, did feloniously, wilfully and unlawfully attempt to set on fire and burn a structure, building and erection, to wit, a certain brick block and store called and known as the 'Collins Block' then and there situate in said city of Fulton, being then and there the property of and belonging to Nellie C. Evans and Lena Collins, wherein to the knowledge of said Samuel Waldhorn at said time there was a human being, and the said Samuel Waldhorn by the means and in the manner aforesaid, did then and there attempt to commit the crime of arson in the first degree, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

If the defendant attempted to burn this building on the night in question by arranging combustible materials in one of the rooms of the building and setting fire to it with intent to so burn such building or in whatever manner and by whatever means it is claimed the defendant attempted to burn such building, the facts constituting the crime, to wit, the criminal acts of the defendant by which such attempt was made must be set forth in the indictment in order to have it comply with section 275 of the Code above quoted. People v. Corbalis, 178 N. Y. 516, 18 N. Y. Crim. 356; People v. Dumar, 106 id. 502, 8 N. Y. Crim. 263; People v. Kane, 161 id. 386, 14 N. Y. Crim. 295; People v. Stark, 136 id. 538, 10 N. Y. Crim. 289.

Judge Danforth writing the opinion for a unanimous court in the Dumar case in speaking of the indictment says: "It must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition. (Sec. 275.) The indictment, therefore, must charge the crime, and it must

also state the act constituting the crime. The omission of either of these things would necessarily be fatal to the indictment. If there was no accusation of a crime, the paper, however formal in other respects, would not be an indictment, and so there would be no criminal action. If it contained no statement of the act constituting the crime, there would be no description of the offense, and neither an acquittal nor a conviction would enable the defendant to withstand a further prosecution for the same crime. Moreover, the plain words of the statute, as well as its object, would be disregarded; for the manifest intention of the legislature in requiring the indictment to state the act constituting the crime was, among other things, that the accused should learn from it what he was called upon to defend. The form of the indictment given in the Code (Sec. 276) leads to the same conclusion."

After referring to the changes in the law made by the Code he says: " But the general principle of pleading has not been substantially changed. Under either system an offense consists of certain acts done or omitted under certain circumstances, and under neither is any indictment sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed, so as to bring the accused within the true meaning and intent of the statute defining the offense. Under the former this end was secured by rules formulated and applied by the courts through long series of decisions; under the latter it is made imperative by the provisions of the statute."

Whether defendant attempted to set fire to the building in person or by hiring another to do the act need not necessarily be set forth in the indictment but the acts complained of as constituting the crime must be set forth. People v. Bliven, 112 N. Y. 79.

In the above case the crime charged was abortion. The acts constituting the crime, the instrument used to produce the

abortion and the manner of using it are fully set forth in detail in the indictment.

In each of the other cases cited by the people where indictments have been sustained it will be found that the acts constituting the crime have been set forth in the indictment. In the case at bar the defendant Waldhorn applied for and obtained by order of the court a copy of the minutes of the grand jury and thereafter moved to dismiss the indictment upon the ground that the evidence of the accomplice was in no way corroborated. The motion was argued March first and an order entered April 21, 1913, denying the motion. The defendant was not arraigned until the May term of this court and he then upon such arraignment interposed the demurrer.

It is claimed by the counsel for the people that the defendant is now barred from raising any question under this demurrer by asking for and receiving the copy of the grand jury minutes in the case and counsel cites in support of such contention. People v. Scannell, 36 Misc. Rep. 483, 16 N. Y. Crim. 266. The Scannell case did not arise upon a demurrer. The defendant desired to interpose what he called a plea in abatement and the decision in the case rested upon the ground that such a plea is now unknown to our law.

The demurrer in this case was put in at the time of the arraignment as provided by section 322 of the Code and the defendant has a statutory right to thus test the validity of the indictment.

His having in his possession the minutes of the grand jury does not modify or change this right. He is to be tried upon the indictment and upon the evidence to be introduced upon the trial under the indictment and not upon the evidence taken before the grand jury. The people are not bound to swear a single witness who was sworn before the grand jury nor are they obliged to prove that the crime was committed in the way

testified to by the witnesses before the grand jury. In this case the evidence will probably be the same but that circumstances does not change the law of the case. The indictment and the indictment alone is the test of the admissibility of the testimony introduced upon the trial. If the case went to trial on this indictment it is difficult to say what evidence could be introduced under it. The next grand jury sits in this county before the next term of this court convenes. The defects in this indictment may be avoided in a new indictment and the case is one which should be resubmitted to the next grand jury of the county. Let an order be entered allowing the demurrer and ordering the case resubmitted to the next grand jury sitting in this county.

Ordered accordingly.