## COUNTY COURT — DELAWARE COUNTY.

### April, 1923.

## THE PEOPLE v. SALVATORE DIMARCO.

#### (120 Misc. 658.)

(1) ARSON—INSUFFICIENT INDICTMENT.

Under section 275 of the Code of Criminal Procedure an indictment for an attempt to commit arson in the third degree must set forth acts of the defendant showing how the attempt charged was made.

(2) SAME.

Where an indictment for an attempt to commit arson in the third degree simply charges that the defendant did willfully, wrongfully and maliciously attempt to set on fire and burn a certain building used as a shoe shop and as the town clerk's office, demurrer to the indictment upon the ground that it did not in compliance with section 275 of the Code of Criminal Procedure contain "a plain and concise statement of the act constituting the crime," will be sustained with direction for the resubmission of the case to the grand jury.

People v. Waldhorn, 82 Misc. Rep. 238, followed.

DEMURRER to indictment charging defendant with the crime of attempt to commit arson in the third degree.

The indictment charging the alleged crime and found by the grand jury of the county of Delaware on March 14, 1923, reads as follows:

" The Grand Jury of the County of Delaware, by this indictment accuse Salvatore Dimarco of the crime of attempt to commit arson in the third degree, committed as follows:

" That the said Salvatore Dimarco on or about the 13th of December, 1922, in the village and town of Roxbury, Delaware County, N. Y., did wilfully, unlawfully, wrongfully and maliciously attempt to set on fire and burn a building situate on the easterly side of Main Street in said village and town of Roxbury, Delaware County, N. Y., belonging to John W.

Griffin and used by the said John W. Griffin as a shoe shop and town clerk's office of said town of Roxbury."

The defendant demurs to the indictment upon two grounds: First, that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure; second, that the facts stated do not constitute a crime.

*A. L. O'Connor, District Attorney,* for plaintiff.

*H. J. Hewitt,* for defendant.

McNAUGHT, J.:

The defendant is charged in the indictment with attempting to commit the crime of arson. Section 2 of the Penal Law defines attempt to commit a crime in the following language: " An act, done with intent to commit a crime, and tending, but failing to effect its commission, is an ' attempt to commit that crime.' " Subdivision 2 of section 275 of the Code of Criminal Procedure requires that an indictment must contain " a plain and concise statement of the act constituting the crime, without unnecessary repetition."

The Court of Appeals, in the case of People v. Dumar (106 N. Y. 502), in passing upon the sufficiency of an indictment for grand larceny (at pp. 509, 510), says: " The indictment, therefore, must charge the crime, and it must also state the act constituting the crime. The omission of either of these things would necessarily be fatal to the indictment. If there was no accusation of a crime, the paper, however formal in other respects, would not be an indictment, and so there would be no criminal action. If it contained no statement of the act constituting the crime, there would be no description of the offense, and neither an acquittal nor a conviction would enable the defendant to withstand a further prosecution for the same crime. Moreover, the plain words of the statute, as well as its

object, would be disregarded; for the manifest intention of the Legislature in requiring the indictment to state the act constituting the crime, was, among other things, that the accused should learn from it what he was called upon to defend. The form of the indictment given in the Code of Civil Procedure (§ 276) leads to the same conclusions."

In the case of People v. Corbalis (178 N. Y. 516), Parker, Ch. J., after analyzing many cases (at p. 522) says: " The section prescribing what an indictment shall contain, as construed by this court, is not satisfied by an indictment which omits a statement of the acts which the People claim constituted the crime, when it may be made out by the proof of any one of the many different acts which constitute a violation of the statute under which this indictment is found."

The rule as above expressed has been stated a number of times by the Court of Appeals, both prior and subsequent to the decision in the Corbalis Case. (People v. Willis, 158 N. Y. 392, 396; People v. Klipfel, 160 id. 371, 374; People v. Kane, 161 id. 386; People v. Devinny, 227 id. 397, 402, 403.)

It must, therefore, be conceded it is essential that an indictment, whether in the language of a statute, or not, must set forth the act which it is claimed constitutes the offense. The sole question, therefore, in determining the issue raised by the demurrer is whether the statement, in the indictment, charging the defendant with attempting to set on fire and burn the building described therein, sufficiently sets forth the act with which the defendant is charged.

The question is one concerning which there seems to be considerable confusion and doubt. The authorities are not at all uniform and learned writers on criminal law do not seem to agree. It has frequently been held that in an indictment or information for an attempt to commit a crime, an intent and the overt act done towards the commission of the offense should be specifically alleged; though there are decisions to the effect that as an attempt implies both an intent and an actual effort

to consummate the intent, an indictment charging the attempt is sufficient without alleging the particular acts constituting the attempt.  ·(14 R. C. L., § 31, p. 185.)

In the case of People v. Waldhorn (82 Misc. Rep. 238), an indictment for the crime of attempting to. commit arson in the first degree was found in practically the language of the indictment under consideration.   The demurrer was sustained upon the ground the acts constituting the attempt were not set forth in the indictment sufficiently to comply with section 275 of the Code of Criminal Procedure.   The case is directly in point and does not appear to have been reversed or distinguished, neither does it seem to have been cited in any subsequent opinion.   If the Waldhorn Case was correctly decided, it is decisive in the case at bar.

It is vigorously contended that the Waldhorn Case, in view of other authorities, was improperly determined. ·(People v. Bush, 4 Hill, 133; McDermott v. People, 5 Park. Cr. Rep. 102; Mackesey v. People, 6 id. 114; People v. Hoyt, 145 App. Div. 695.)

There seems to be a distinction, however, in all of the cases cited.   It will be found upon careful examination that in each of such cases the acts constituting the crime were set forth in the indictment.

In McDermott v. People (supra), not only was it alleged that the defendant attempted to burn.the barn in question, but the indictment contained two counts charging that the defendant solicited and sought to incite one McDonald to set fire to the barn.

In People v. Bush (supra), the indictment contained four counts, the first three apparently in varying language charging the defendant with the crime of attempting to commit arson by setting fire to a certain barn of one John Sheldon; the fourth count charged the defendant with attempting to commit the crime by soliciting and inciting one Kinney to set fire to the barn in question.   The proof upon the trial was that the defend-

ant requested Kinney to set fire to the barn, offering him a reward and afterwards gave him a match for the purpose. It seems to the court the case is clearly distinguishable. The defendant was apprised by the indictment of the act with which he was charged, viz., that of soliciting and inciting Kinney to set fire to the barn.

In Mackesey v. People (supra), the indictment alleged that the defendant and one Dempsey " did set fire to a barn " and shop of the defendant with intention to burn the goods therein for the purpose of collecting the insurance. In the Mackesey Case plaintiff's charge was that the defendant set fire to the shop in an attempt to burn the insured goods and in that respect it is likewise to be distinguished from the present case.

The case of People v. Hoyt (supra) was a forgery case. The indictment was in two counts, the first alleging the defendant forged a certain deed and then setting forth the instrument in full. The second count alleged the commission of the same crime by setting forth that the defendant uttered the forged instrument and referred to the first count where the same was set forth in full. The Appellate Division held it was unnecessary to set forth whether the forgery was committed by pen, or pencil, or printing, by counterfeiting the signatures, or by alteration or erasing, as the defendant was apprised of the fact that he was charged with having forged that particular instrument. In the opinion the Corbalis Case was referred to only as it bore upon the rule of pleading in cases of forgery.

An attempt to commit a crime is defined by Bouvier's Law Dictionary (Rawle's 3d rev.) as " An intent to do a particular criminal thing combined with an act which falls short of the thing intended," citing 1 Bish. Cr. Law, § 728, and People v. Lawton (56 Barb. 126).

In the case of State v. Taylor (47 Ore. 455, 4 L. R. A. (N. S.) 417), the court considered an indictment for an attempt to commit arson found under a statute in practically the same language as section 2 of the Penal Law of this State. The

court quoted Bishop's New Criminal Law (§ 728), which defines an attempt as an intent to do a particular criminal thing with an act toward it falling short of the thing intended, and Wharton's Criminal Law (9th ed., § 173), which defines an attempt to be an intended apparent unfinished crime. The court deduced from the authorities the rule that an indictable attempt consists of an intent to commit a crime and a direct ineffectual act done toward its commission and said: " To constitute an attempt there must be something more than a mere intention to commit the offense, and preparation for its commission is not sufficient. Some overt act must be done toward its commission, but which falls short of the completed crime."

In the case of People v. Stark (136 N. Y. 538) the Court of Appeals held that the omission, in an indictment for libel, to state the manner in which the alleged malicious publication was made was not a compliance with the provision of the Code of Criminal Procedure requiring a plain and concise statement of the act constituting the crime.

In the case of People v. Helmer (154 N. Y. 596), the court (at p. 600) says: " The purpose of an indictment is to identify the charge against a defendant so that his conviction or acquittal may inure to his subsequent protection, and to apprise him of the nature and character of the offense charged and of the facts which may be proved, so as to enable him to prepare his defense."

Tested by these principles, is the indictment under consideration sufficient? It may be true that the nature and character of the offense is sufficiently stated, but is the act of the defendant set forth, or the facts which may be proved sufficiently stated? Can it be said that a defendant has been given reasonable opportunity to prepare his defense when, after the People have introduced their evidence, he learns for the first time the acts with which he is charged essential to constitute the crime?

The defendant is not apprised by the language of the indict-

ment as to the manner, or by what means or method the People claim he committed the crime set forth in the indictment. The attempt charged might have been committed in many different ways. The People might seek to establish the crime charged by proving the defendant actually tried to ignite combustible material, or that he furnished material for another to make the attempt, or that he sought to have another procure combustible materials for his use, or that he sought to persuade or employ another to commit the crime, and many other acts might be suggested which would establish the offense charged. The indictment does not inform the defendant of any act in this sense he is claimed to have committed. It is, therefore, difficult to perceive how he is apprised by the indictment of the act constituting the offense charged.

The question is not free from doubt, but it seems to the court the better considered authorities in this and other jurisdictions sustain the proposition that the act by which the criminal intent is endeavored to be effectuated, must, in an indictment charging an attempt to commit a crime, be set forth. The demurrer must be sustained.

The crime charged is a serious one. It is quite possible the defects in the indictment may be avoided in a new indictment. The matter is one which should be resubmitted to the next grand jury of the county.

An order may be entered sustaining the demurrer and directing the case be resubmitted to the next grand jury. Under section 318 of the Code of Criminal Procedure, the bond of the defendant will continue and the sureties will be answerable for the appearance of the defendant to answer a new indictment if one be found.

Ordered accordingly.