THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK HUNGERFORD, Defendant.

County Court, Albany County, June, 1927.

**Crimes — manslaughter, second degree — indictment which charges that defendant drove automobile in " grossly careless and negligent manner, without any control whatever," dismissed for failure to conform to Code of Criminal Procedure, §§ 275, 276.**

This indictment, which charges the defendant with the crime of manslaughter in the second degree, in that he drove an automobile in a " grossly careless and negligent manner, without any control whatever," merely states a conclusion rather than a statement of fact, and because it does not specify the acts of the defendant which constitute the driving without control, it fails to conform to the requirements of sections 275 and 276 of the Code of Criminal Procedure, and must be dismissed for insufficiency.

DEMURRER to indictment charging driver of automobile with manslaughter in the second degree.

*Charles J. Herrick, District Attorney,* for the People.

*Joseph A. Murphy,* for the defendant.

GALLUP, J. The March grand jury returned an indictment against the defendant charging him with having committed the crime of manslaughter in the second degree, alleging that he drove an automobile in a grossly careless and negligent manner, without any control whatever, and in willful disregard of the condition of the street and low visibility of objects thereon, and with gross and culpable negligence, and that he did run into and injure one Harry E. Smith, thereby causing his death.

The defendant has filed a demurrer to the indictment upon two grounds: *First,* that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, in that it does not contain a plain and concise statement of the acts constituting the crime; *second,* that the facts stated in said indictment do not constitute a crime.

The courts have uniformly held that an indictment to be sufficient must be so framed:

1. That it will so plainly, certainly and concisely inform the defendant of the accusation against him as to enable him to prepare his defense.

2. That from the information it contains, the court will be enabled to pass judgment upon conviction, according to the rights of the case.

3. That the record may stand as a bar to a subsequent prosecution.

County Court, Albany County, June, 1927.    [Vol. 129

Tested by these rules, the indictment cannot be sustained for the reason that no particular or specific act or acts are alleged, informing the defendant of the accusation against him, which would enable him to prepare his defense. The statement "in a grossly careless and negligent manner" is a statement of a conclusion rather than a statement of fact; it is the conclusion that would follow from some stated act of omission or commission. This statement is not aided or improved by the statement "without any control whatever," which also is a statement of a conclusion that would follow from some statement of fact, such as driving a car without adequate steering apparatus, or without brakes, or driving without making use of the mechanical devices furnished for the operation and control of the car, or driving while asleep, or driving under many other conditions which might constitute driving without control. From facts of this sort, if they were alleged, the conclusion might be drawn that the car was driven without control.

Should the defendant be required to make his defense to the indictment in its present form, he would be called upon to meet any and every conceivable condition that might involve the control of an automobile, whether physical or mechanical. He might prepare his defense upon the assumption that the claim was that he was driving without physical control, and upon the trial it might turn out that his physical condition was not at all involved or in issue, but that the charge was solely based upon the mechanical condition of his car, or *vice versa*.

It is a settled rule of pleading in a criminal prosecution that the charge must be sufficiently specific that the defendant will not be required to go beyond the indictment in order to learn the nature of the charge against him, or to learn what issues he must meet. Unless one can, after a reading of the indictment, point out the specific criminal or unlawful act, then the indictment must fall.

The requisites of a valid indictment are very clearly set forth in *People* v. *Dumar* (106 N. Y. 502, 509, 510) as follows: " It must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition (§ 275). The indictment, therefore, must charge the crime, and it must also state the act constituting the crime. The omission of either of these things would necessarily be fatal to the indictment. If there was no accusation of a crime, the paper, however formal in other respects, would not be an indictment, and so there would be no criminal action. If it contained no statement of the act constituting the crime, there would be no description of the offense, and neither an acquittal nor conviction would enable the defendant to withstand a

further prosecution for the same crime.    Moreover, the plain words of the statute, as well as its object, would be disregarded; for the manifest intention of the Legislature in requiring the indictment to state the act constituting the crime was, among other things, that the accused should learn from it what he was called upon to defend."

In *People* v. *Waldhorn* (82 Misc. 238) the defendant was indicted for an attempt to commit arson.    In his behalf a demurrer was interposed to the indictment and the court sustained the demurrer, and (at p. 239) said: " Section 275 of the Code of Criminal Procedure requires that the indictment must contain ' a plain and concise statement of the act constituting the crime.'    These statutory provisions thus require the acts to be set forth showing the manner in which it is alleged the defendant attempted to set fire to the building in question.    An attempt to burn a building can be made in numerous ways.    No facts or acts of the defendant are set forth in this indictment showing how the attempt was made."

Applying the reasoning of that case to the indictment in question, it is apparent it is insufficient by reason of the failure to specify the act or acts of the defendant which constituted the driving without control, or, using the language of that case, " showing the manner in which it is alleged the defendant " drove his car without any control.

The further statement " in willful disregard of the condition of the street and low visibility of objects thereon " does not help the situation, as it does not state the condition of the street, or in what respect the defendant disregarded the condition of the street or the visibility of objects thereon, and is a conclusion in any event.

Under the authorities which I have cited, setting forth the requirements of a valid indictment, it seems to be clear that the indictment in this case is insufficient for the reason that it does not allege any specific act or acts which would constitute the crime of manslaughter in the second degree but rather states the conclusions of the pleader without setting forth the facts or acts upon which they are based.

The demurrer is, therefore, sustained, and an order may be entered on the minutes directing that the case be resubmitted to the next grand jury.