THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL BUTLER and JAMES TOMLINSON, Defendants.

County Court, Saratoga County, March, 1929.

*John B. Smith, District Attorney,* for the plaintiff.

*Theodore A. Knapp,* for the defendant Tomlinson.

*Leary & Fullerton* [*Alfred Simon* of counsel], for the defendant Butler.

McKELVEY, J. This indictment is evidently predicated upon that provision of section 1052 of the Penal Law which relates to the negligent use of machinery. The precise charge is that the defendants, who then and there " drove, operated, guided, governed and controlled " an automobile, did so with " such gross and culpable negligence " that it was propelled and driven " with great force and at great speed " struck and run over and killed a third person.

The defendants attack this pleading as insufficient in law, and after that careful consideration which the importance of the subject warrants, I find myself compelled to sustain their contention.

Mindful of the statute which commands us to disregard all technical errors or defects in an indictment which cannot result in prejudice to the defendant, I have given no serious thought to the defendants' complaint of the use of the words " willfully and feloniously." Whether these terms are or are not necessary in an indictment for this degree of homicide is wholly unimportant, for their use can do no harm, may prejudice no one, and may, therefore, properly be disregarded as entirely immaterial. If surplusage, they could easily be stricken out by an amendment which the court would undoubtedly grant on request of the district attorney. This is the general intent and precise mandate of section 285 of the Code of Criminal Procedure. Nor does the court concur in that other contention made by the defendants, and which seems to be to the effect that because it is improbable that the two could have been actually driving the automobile in the sense of physical control of the wheel and power, they should not be joined in the same indictment. The pleading charges, as matter of fact, that they were at the time so operating, driving and controlling, and

I do not believe it can be said, as matter of law, that such joint control is a physical and scientific impossibility. Under such a charge the People might have difficulty in securing a conviction as against the one or the other without appropriate allegations of supervision, direction and control as indicated by such decisions as *People* v. *Scanlon* (132 App. Div. 528). But no such question arises at this time upon the face of the present indictment.

The other objections urged by the defendants are very serious in their nature. It is, of course, essential to the validity of any indictment that it shall state, in plain terms, the precise nature of the charge intended to be laid against any or all the defendants named therein — this to the end that each may intelligently prepare his defense. A conclusion of law standing alone is not sufficient to meet the requirements of the statutes and the decisions; and while it may be difficult at times to avoid conclusions of fact, still if the latter are so broad and comprehensive in scope or variable in meaning that they do not, directly and necessarily, presuppose a criminal act, or if they leave to guesswork or speculation the real intent of the pleader, it is obvious that the defendant may be prejudiced in his substantial rights because of his inability to determine from the pleading itself the precise nature of the charge laid against him. In such case the " act or omission " charged as a crime is not " plainly and concisely set forth " as required by section 284 of the Criminal Code.

This indictment uses the terms " gross and culpable negligence " and " great speed." The former is a most comprehensive and sweeping conclusion of law or fact difficult of precise definition even by the courts, and, standing alone, of no possible aid to a defendant who may be seeking the true meaning of the charge which he must meet.

Nor is this general term sufficiently reduced to particulars by the allegation that the defendants drove and operated their automobile " with great force and with great speed." The first of these terms seems practically useless, for it must be true that all automobiles move with great force, owing to their weight and construction. The second phrase, " great speed," does not always result in crime, nor arise from criminal intent, if indeed the term has any real meaning whatever. The standard by which such a comparative term is to be tested is " too variable for that expression to be used as the description of a definite act." (*People* v. *Quimby*, 113 App. Div. 793.)

Under what I conceive to be the plain reasoning of the case cited, this indictment, although using in places the phraseology of the statute, is insufficient because it is " impossible to tell from

this indictment what the particular act of culpable negligence relied upon was." (*People* v. *Quimby, supra.*)

But perhaps I should not have discussed this matter at such length, because a very late decision of the Appellate Division in this department, directs this conclusion and prohibits any other. I refer to *People* v. *Hungerford* (222 App. Div. 710, which affirmed on opinion below the decision of the County Court of Albany county, reported in 129 Misc. 777). A glance at that case will disclose that if there be any difference between it and the present, the indictment there considered was the much stronger of the two. In the one there was something like an attempt to plead certain matters of fact, such as willful disregard of road conditions, while here all the essential facts are left to inference and conjecture. (See, also, *People* v. *Kane*, 161 N. Y. 380; *People* v. *Corbalis*, 178 id. 516, 520.)

I am, therefore, compelled to allow and sustain the demurrer interposed by each defendant, but being of the opinion that these objections may be avoided in a new indictment I direct that the case be resubmitted to the next grand jury convened in this county.

An order may be entered in the minutes in accordance herewith.