THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELLIS PARKER, JR., Defendant.

County Court, Kings County, February 3, 1941.

*William O'Dwyer, District Attorney [William Siegel, Assistant District Attorney, of counsel], for the plaintiff.*

*Myron J. Greene and Harry Green [Myron J. Greene of counsel], for the defendant.*

FITZGERALD, J.   On June 3, 1936, the defendant was indicted with Ellis Parker, Murray Bleefeld, Harry Weiss and Martin Schlossman for the crimes of kidnapping and assault in the second degree.   Ellis Parker was never apprehended and arraigned. Bleefeld pleaded guilty to the crime of kidnapping.   Weiss and Schlossman were tried twice.   Upon the first trial there was a disagreement; on the second, a conviction, which was reversed on appeal.   (*People* v. *Weiss*, 276 N. Y. 384.)

On October 19, 1936, subsequent to the filing of the indictment herein, the same persons were indicted in the United States District Court for the District of New Jersey for conspiracy to violate the so-called Lindbergh Kidnapping Law (U. S. Code, tit. 18, § 408-c).

Bleefeld, Weiss and Schlossman pleaded guilty to the Federal indictment.   The Parkers were put on trial.   The trial began April 27, 1937, and ended June 3, 1937, with a verdict of guilty and a recommendation of mercy.   Ellis Parker, Jr., was sentenced to a term of three years in a Federal penitentiary and the judgment was affirmed by the Circuit Court of Appeals for the Third Circuit.   (*United States* v. *Parker*, 103 F. [2d] 857.)

He was arraigned in this court on September 9, 1940, and interposed a plea of double jeopardy and a special plea that further prosecution of the indictment herein against him was barred by the provisions of section 33 of the Penal Law and section 139 of the Code of Criminal Procedure.

Section 33 of the Penal Law is as follows: " Whenever it appears upon the trial of an indictment, that the offense was committed in another State or country, or under such circumstances that the courts of this State or government had jurisdiction thereof, and that the defendant has already been acquitted or convicted on the merits upon a criminal prosecution   *   *   *   such former acquittal or conviction is a sufficient defense."

Section 139 of the Code of Criminal Procedure is as follows: "When an act charged as a crime is within the jurisdiction of another State, territory or country, as well as within the jurisdiction of this State, a conviction or acquittal thereof in the former, is a bar to the prosecution or indictment in this State."

The contention of the defendant is that the underlying facts of both indictments, proof of which is essential to establish either offense, is the alleged kidnapping of Paul H. Wendel; that the Federal indictment charges a conspiracy to transport in interstate commerce a kidnapped person; that the kidnapped person in each instance was Paul H. Wendel; that upon that fact depended the guilt of those charged with conspiracy in the Federal court; that while there is no such crime as kidnapping under the Federal statutes, yet there must be proof of facts which constitute the crime of kidnapping under the laws of New York, before a crime of conspiracy to transport in interstate commerce can be established under the Federal law. The argument is advanced that there need not be absolute identity of all the facts essential to give jurisdiction to both sovereignties; it is sufficient if offenses under both jurisdictions necessitate proof of some identical facts essential to establish violations.

The first count of the indictment herein is as follows: "The defendants from February 14, 1936, to February 24, 1936, inclusive, in the County of Kings, did commit the crime of kidnapping, in that the said defendants on the said 14th day of February, 1936, in the County of New York, did seize one Paul H. Wendel against his will and without authority of law, and thereupon and on said 14th day of February, 1936, did take the said Paul H. Wendel, against his will and without authority of law, into the County of Kings, State of New York, where he was confined, inveigled and detained until the 24th day of February, 1936, against his will and without authority of law."

Kidnapping is defined in section 1250 of the Penal Law, as far as applicable to the facts herein, as follows: " A person who wilfully: 1. Seizes, confines, inveigles, or kidnaps another, with intent to cause him, without authority of law, to be confined or imprisoned within this State * * * or in any way * * * kept or detained, against his will * * * is guilty of kidnapping."

A challenge to the sufficiency of the foregoing count was overruled on the trial and ignored on the appeal from the conviction.

Section 1251 of the Penal Law provides that an indictment for kidnapping may be tried either in the county in which the offense was committed, or in any county through or in which the person kidnapped or confined was taken or kept, while under confinement or restraint.

The indictment in the United States District Court for the District of New Jersey charged the defendant, and others indicted with him herein, with a conspiracy to transport Paul H. Wendel, a kidnapped person, in interstate commerce. It set forth that Paul H. Wendel was kidnapped in the county of New York, State of New York, and was held in custody in Brooklyn, N. Y., in violation of the provisions of section 1 of the act entitled " An Act to amend the Act forbidding the transportation of kidnapped persons in interstate commerce," approved May 18, 1934, " it being the purpose of the said agreement and conspiracy and intended, designed and planned by the said defendants to unlawfully seize, kidnap and abduct one Paul H. Wendel in the Borough of Manhattan, City and State of New York, and from thence to unlawfully carry away and hold the said Paul H. Wendel for the purpose of ransom, reward or otherwise in the Borough of Brooklyn in the City and State of New York and in the County of Burlington in the State of New Jersey, and while the said Paul H. Wendel was so held, to unlawfully and knowingly transport and cause to be transported, and to aid and abet in the transporting of the said Paul H. Wendel from the Borough of Brooklyn to and into the State and District of New Jersey."

Following other allegations of a similar character detailing the kidnapping of Paul H. Wendel, which it is unnecessary to set out, it is alleged in eight separate paragraphs the overt acts relied upon to support the indictment. For instance, paragraph two of the recital of the overt acts is as follows: " On or about the 14th day of February, in the year 1936, at the Borough of Manhattan, * * * the said Murray Bleefeld, Harry Weiss, Martin Schlossman and Ellis H. Parker, Jr., did foreeceably seize, kidnap and abduct the said Paul H. Wendel on East 32nd Street and from thence unlawfully carried away the said Paul H. Wendel to the house known as 3041 Voorhis Avenue in the said Borough of Brooklyn," etc.

Other overt acts set out are the acts done by Bleefeld, Weiss and Schlossman in the treatment of Wendel after his seizure.

On the trial of the defendant and of his father, Ellis Parker, now dead, the court, WILLIAM H. CLARK, then a United States District Court Judge, now a member of the United States Court of Appeals for the Third Circuit, charged the jury as follows:

" Before you can convict these defendants or any of them you must be satisfied by the proof in the case beyond a reasonable doubt that Wendel had been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted or carried away, and held for ransom, reward or otherwise before he left the State of New York

and before he was brought from the State of New York to the State of New Jersey   *   *   *.

"There must be proof (1) that there was a kidnapping; (2) there must be proof that ransom, reward or otherwise was demanded by defendants; and (3) there must be a conspiracy to transport from New York to New Jersey.

"If any of these elements are missing, the defendants Ellis Parker and Ellis Parker, Jr., must be acquitted.

"The defendants Ellis Parker and Ellis Parker, Jr., must be acquitted by the jury if any of the following elements are missing, namely, that Paul H. Wendel had been kidnapped; that the defendants held him for ransom, reward or otherwise, and that there was a conspiracy that he was to be unlawfully transported from New York to New Jersey, and that conspiracy was entered into by the defendants on trial, and proof of an overt act.

"If you find that Wendel was not unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted or carried away by any means whatsoever, you must acquit the defendants.

"You will observe that I said ' unlawfully ' seized, etc., in the foregoing charge.  This means seizing contrary to the law.  If it was lawfully or if he went willingly, the defendants must be acquitted."

As has heretofore been said, both Parkers were convicted and their convictions affirmed.

The defendant insists that the foregoing facts establish a bar to further prosecution of the indictment herein under the provisions of section 139 of the Code of Criminal Procedure.

The People concede that the special plea is properly interposed at this stage of the proceedings.  In so far as the plea raises the question of double jeopardy it is authorized by the Code of Criminal Procedure (§ 332).  The special plea that further prosecution is barred is equivalent to the former plea in abatement.  Such plea is no longer permissible.  (*People* v. *Petrea*, 92 N. Y. 128, 145; *People* v. *Scannell*, 36 Misc. 483.)

The matter may be considered, however, as a motion to dismiss under section 139 of the Code of Criminal Procedure, and will be so treated.

The People also conceded that all of the overt acts alleged and proved in the trial in the Federal court are similar to, but not identical with, the facts, which will be relied upon to sustain the indictment herein.  (Memorandum of District Attorney, pp. 1, 2.)

The court is in agreement with the district attorney that the controlling law in this proceeding is section 139 of the Code of Criminal Procedure.

Passing, for the moment, the contention of the People that the second count in the indictment — assault in the second degree, *i. e.,* assault with intent to kidnap — is a complete answer to this application, the questions arising from the first, or kidnapping, count will be considered.

The People admit that the proof of the overt acts alleged in the Federal indictment are the facts which the evidence possessed by the People will establish, and will sustain the charge of kidnapping. They assert, however, that to convict under the Federal indictment proof of additional facts was necessary, and that such additional facts are not essential in the State prosecution. But proof of the overt acts as to the kidnapping and confinement of Wendel was essential to a conviction in the Federal court. Judge CLARK's charge is conclusive on that question. If the People's contention should prevail, then section 139 of the Code of Criminal Procedure could rarely be successfully invoked. It would seem to be an inexcusably narrow construction to hold that every fact essential to secure a conviction under the Federal statute must be established in the proof required on trial of the State indictment before the bar of section 139 can be invoked. It appeals to me as a more reasonable construction that if it be imperative that an essential act be established to secure a conviction under both statutes, it is sufficient to raise the bar.

In *People* v. *Spitzer* (148 Misc. 97) defendants had been indicted for intentionally making a false canvass and false statement thereof as election inspectors; they were convicted and sentenced in the United States District Court for the Southern District of New York for conspiracy to injure and oppress voters by depriving them of their electoral rights in the same election. In support of that charge there were set forth in the Federal indictment certain overt acts, which were the same acts charged in the State indictment as violations of the State Election Law. A motion was made in the Supreme Court to dismiss the indictment on the ground of double jeopardy and also on the ground that the prosecution was barred by section 139 of the Code of Criminal Procedure. The indictment was dismissed.

Mr. Justice McNAMEE's opening statement in his opinion indicates its pertinency to the instant case: " It seems," he said, " the only reasonable deduction from the opening of the United States Attorney in the Federal court that he presented to the jury the overt acts of the defendants as the sole basis from which the jury were asked to infer a conspiracy or a corrupt combination. And the court made it perfectly plain in its charge that there was no other evidence from which such a corrupt understanding might

be inferred. Acting upon this evidence, and pursuant to this charge of the court, the defendants were found guilty. They now interpose this conviction as a bar to a trial."

Further, the court said: " It is not overlooked that the conviction in the Federal court included the added element of a corrupt combination between the defendants; but that was part of the unlawful conduct of the defendants, and may be and was inferred as a natural consequence of the circumstances and acts done."

It is true that in the Federal indictment involved in the matter under consideration there was the additional element to transport the kidnapped person in interstate commerce; but it does not impress me that such additional element negatives the contention that the essential acts of defendants to a conviction in both jurisdictions are identical. The kidnapping of Wendel underlies both charges.

The People rely upon *People* v. *Arnstein* (128 Misc. 176). Arnstein was indicted in New York county for criminally receiving stolen stock certificates. He was convicted in the District of Columbia of conspiracy to bring into the District of Columbia some of the stolen certificates. The defendant moved to dismiss the indictments in New York county upon the grounds that his conviction in the District of Columbia of the crime of conspiracy to bring stolen stock certificates therein was founded upon the acts set forth in the indictments in New York county, and that such fact was a sufficient defense thereto under section 33 of the Penal Law, and further, that the acts charged as a crime in each of the indictments was within the jurisdiction of the United States as well as the State of New York; and that his conviction in the District of Columbia of the acts set forth in the New York indictments was a bar to a prosecution therefor in this State under section 139 of the Code of Criminal Procedure. The motion to dismiss was denied. In the course of the opinion, it was said:

" If section 33 of the Penal Law contained the language of section 739 of the Field Code, then the point made by the defendant that his conviction of the crime of conspiracy in the District of Columbia, being founded upon the acts set forth in the indictments pending against him in New York County, would be well taken, because it is apparent that under section 739 of the Field Code, it is immaterial what was the nature of the offense committed by a defendant in the foreign jurisdiction which resulted in his conviction, provided the crime of which he was there convicted was founded upon the act or omission in respect to which he is upon trial in this State. * * *.

" The learned counsel for the defendant overlooks the fact that the Legislature, in 1882, refused to adopt in its entirety the language contained in section 739 of the Field Code, and that when it enacted section 679 of the Penal Code it specifically added and substituted the language above set forth."

The peculiar feature of the opinion is that it appears from the opinion itself that defendant relied on section 139 of the Code of Criminal Procedure and not upon section 33 of the Penal Law.

The court compared section 739 of the Field Code with section 33 of the Penal Law. There was no comparison between section 739 of the Field Code and section 139 of the Code of Criminal Procedure. If there had been, it is most probable that the decision would have sustained defendant's contention, since section 139 of the Code of Criminal Procedure is practically identical with section 739 of the Field Code, and contains the language which the court said, if included in section 33 of the Penal Law, would have justified the defendant's claim. I do not put much reliance upon the *Arnstein* case as an authority for its conclusion.

*People ex rel. Liss* v. *Superintendent* (282 N. Y. 115) is somewhat analogous to the instant case.

The defendant therein had been indicted by the Federal grand jury for the Eastern District of New York for possession of narcotics. (U. S. Code, tit. 21, § 174.) She was tried and acquitted. An information was subsequently filed in the Court of Special Sessions charging defendant with a violation of section 422 of the Public Health Law. The charge was based upon possession of the same narcotics as described in the Federal indictment. Before sentence in Special Sessions, defendant sued out a writ of habeas corpus. The claim of double jeopardy was overruled. Defendant asserted, however, that she was immune from prosecution by reason of section 445 of the Public Health Law, which is as follows: " No person shall be prosecuted for a violation of any provision of this article if such person has been acquitted or convicted under the Federal narcotic laws of the same act or omission which, it is alleged, constitutes a violation of this article."

The opinion of the Court of Appeals, after stating the foregoing facts, continues as follows: " The *act* of which the relator had been acquitted in the Federal court (possession of the morphine) was the self-same act for which she was put on trial again in the Court of Special Sessions. There was no power in the Court of Special Sessions so to proceed in the premises. When the Federal court found the relator not guilty of possession of the morphine, that alleged act was no longer ground for even the initiation of a criminal prosecution against her for violation of article 22 of the Public

Health Law. · This was the manifest effect of section 445 of that article. (Cf. Penal Law, § 33; Code Crim. Proc. § 139.)"

From the foregoing authorities, I am convinced that the conviction of Ellis Parker, Jr., in the Federal court of conspiracy to transport a kidnapped person in interstate commerce, having been contingent upon proof that Paul H. Wendel was the person kidnapped, under the circumstances set forth in both indictments, that the conviction constitutes a bar, under section 139 of the Code of Criminal Procedure, to further prosecution under the indictment herein.

The People, however, assert that the indictment herein contains a count charging the defendant with the crime of assault in the second degree, which in no way is involved in the charge in the Federal indictment. The second count is as follows: " The defendants from February 14, 1936, to February 24, 1936, inclusive, in the County of Kings, assaulted Paul H. Wendel, with intent to commit upon him the crime of kidnapping."

Weiss and Schossman were tried twice before me on the indictment herein. On the first trial the assault count was dismissed, as the assault was committed in New York county, and this court had no jurisdiction of that crime. The first count recites that the kidnapping occurred in New York county. The assault, with intent to commit the kidnapping, consisted, in the argot of the underworld of the " snatch." Proof of what transpired subsequently to the seizure was evidence of the intent at the time of the seizure to unlawfully confine Paul H. Wendel against his will. The evidence established a continuing, or rather a series of independent assaults; but the assault with intent to commit the crime of kidnapping was completed when the " snatch " was made. The kidnapping having been effected, the assault with intent to kidnap was merged in the higher crime. · A familiar analogy is the case in which a homicide occurred during, or as a result, of an assault. It has been repeatedly held that, under such circumstances, the assault is not an independent felony, that upon the trial of the homicide charge it could not be submitted to the jury as a felony homicide. (*People* v. *Foster*, 50 N. Y. 598; *People* v. *Moran*, 246 id. 100, and authorities cited.)

Aside from the foregoing it is apparent that the defendant cannot be convicted under the assault count. He did not participate in the assault; he was not even present when it occurred. His indictment as a principal is by reason of section 2 of the Penal Law, which makes a principal every one " who directly or indirectly counsels, commands, induces or procures another to commit a crime." The charge against the active perpetrators of the crime having been

dismissed, it would be impossible to sustain the charge against Parker.

In view of the known and well-established facts, it would be an inexcusable procedure to insist that the defendant should be placed upon trial to eliminate the assault count before invoking the bar of section 139 of the Code of Criminal Procedure.

Plea sustained, and motion to dismiss the indictment as to Ellis Parker, Jr., granted.