IDA JETTER, Plaintiff, *v.* WILLIAM W. BROWN, Defendant.

Supreme Court, Special Term for Trials, Steuben County, November 10, 1951.

*W. Earle Costello* for defendant.

*Ernest Lombardo* for plaintiff.

HENRY, J. An automobile owned by the plaintiff, and operated by her husband, Edward T. Jetter, collided with an automobile truck owned and operated by the defendant. Both vehicles were damaged and Edward T. Jetter was injured as a result of the accident.

Edward T. Jetter brought an action in the Supreme Court against William Webster Brown, the defendant in this action, to recover damages for bodily injuries suffered by him, and in that action Brown counterclaimed for the damage done to his truck. On the trial of the action the jury rendered a verdict against Edward T. Jetter, of "No Cause of Action", and rendered a verdict in favor of Brown on his counterclaim.

It is implicit in the jury's verdict that it found that Brown was not negligent and that Edward T. Jetter was negligent.

In the action of Ida Jetter, plaintiff, against William Webster Brown, defendant, which has not yet been tried, the defendant now moves for an order permitting him to make a supplemental answer setting up the judgment entered on the jury's verdict as *res judicata*.

The defendant asserts that the issues determined by the jury in the action that was tried are identical with the issues to be determined in the present action, and that the jury's finding that Edward T. Jetter was negligent and that William Webster Brown was not negligent, bars recovery by the plaintiff in this action.

The motion should be denied. *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14) relied upon by the defendant, is not authority for granting the defendant's motion. In that case the party against whom the doctrine of *res judicata* was applied had had her day in court. She had been a party to the prior suit. The court there held (p. 18): " One who has had his day in court should not be permitted to litigate the question anew."

The plaintiff in the action now before the court was not a party to the prior action and she is not concluded by the judgment against her husband or made responsible for his pleading or his conduct in the trial of the cause, because to so conclude her would be to deprive her of her property without due process of law. (*Portland Gold Mining Co.* v. *Stratton's Independence,* 158 F. 63; Note, 16 L. R. A. [N. S.] 677.)

The defendant also claims that, although there is not identity of parties in these two actions, there was nevertheless privity between Edward T. Jetter, the plaintiff in the prior action, and Ida Jetter, the plaintiff in this action, and she is, therefore, bound by the judgment in the Edward T. Jetter action.

It is the claim of the defendant that Edward T. Jetter was a bailee of the automobile owned by his wife, Ida Jetter, and as such bailee he could have sued for the damages to the automobile. This contention of the defendant is without merit. The driver of the plaintiff's automobile did not sue for such damages in the action which he brought. He did not represent the plaintiff in respect to damage done to her automobile.

It is only when a party litigates a matter in which he is in privity with another that the other is bound by the judgment in his litigation.

The defendant's motion to make a supplemental answer is denied. His motion to strike out the defendant's counterclaim and the plaintiff's reply is granted.

Let an order enter accordingly.