Burke, J.
On October 1, 1959 appellant, Lo Cicero, together with two codefendants, was indicted in the United States District Court for the Eastern District of New York for the crime of obstructing by robbery the movement of goods in interstate commerce (U. S'. Code, tit. 18, § 1951). It was alleged that the defendants hijacked a truck containing goods consigned from Japan to New York. On October 15, 1959, and before the trial of the Federal indictment, appellant and one other were indicted in the County Court of Kings County on four counts arising out of the same transaction. After a trial in the Federal District Court appellant was found not guilty. Appellant thereupon moved to dismiss the State indictment on the ground of double jeopardy. The County Court granted the motion but the Appellate Division reversed by a divided court and reinstated the indictment.
The controlling statutes are:
Penal Law, section 33. “ Foreign conviction or acquittal a defense. Whenever it appears upon the trial of an indictment, that the offense was committed in another state or country, or *377 under such circumstances that the courts of this state or government had jurisdiction thereof, and that the defendant had already been acquitted or convicted on the merits upon a criminal prosecution under the laws of such state, or country, founded upon the act or omission in respect to which he is upon trial, such former acquittal or conviction is a sufficient defense.”
Code of Criminal Procedure, section 139. “ Conviction or acquittal in another state, a bar, where the jurisdiction is concurrent. When an act charged as a crime is within the jurisdiction of another state, territory or country, as well as within the jurisdiction of this state, a conviction or acquittal thereof in the former, is a bar to a prosecution or indictment therefor in this state.”
The argument made by the People on this appeal is succinctly stated by Presiding Justice Beidoce, writing for the Appellate Division, as follows: “In my opinion, neither of these statutes is applicable to a former Federal prosecution. Section 139 of the Code of Criminal Procedure applies only to a crime within the jurisdiction of ‘ another state, territory or country \ Section 33 of the Penal Law applies only to a crime committed in * another state or country ’. The Federal Government does not fall into any of those categories. Therefore, the acquittal in the Federal court is not a bar to the prosecution in this State, even though the act involved in the State prosecution is the same as the act involved in the Federal prosecution. If the statute by its language had barred a second prosecution upon defendant’s acquittal by * another government ’ for a similar offense, the situation would be entirely different.”
In support of this interpretation of the statutes, the People rely on the difference between the language proposed by the Field Commission in 1864 and that finally approved by the Legislature when the predecessor of section 33 of the Penal Law was enacted. The recommendation allowed a defense when it appeared upon the trial that the accused had been convicted or acquitted for the same offense under the laws of ‘ ‘ another state, government, or country.” (Proposed Penal Code, § 739; see Report of Board of Statutory Consolidation [1908], pp. 11-13.) The word “ government ”, the most inclusive denotation of a political authority other than New York, does not appear in the statute as finally enacted in 1881 (L. 1881, ch. 676; *378 Penal Code, § 679). We think the force of any possible negative inference disappears when it is realized that the statutory expression of this State’s policy on double jeopardy long antedates the Revisory Commission’s proposals of 1864. Section 139 of the Code of Criminal Procedure, which is directed specifically to the indictment and not, as section 33 of the Penal Law, to the trial, is derived from provisions contained in the Revised Statutes of 1829 (Rev. Stat. of N. Y., part IV, ch. I; tit. I, § 7; tit. VII, § 5). The' reference to “ another state, territory or country ” contained in section 139 must,' therefore, be read, not as deliberately excluding the Federal jurisdiction, but as a general reference to sovereigns other than New York. Nor does anything decided in People v. Welch (141 N. Y. 266) aid the position of the People. As the court itself posed the issue (p. 270), the only question for decision was whether Federal legislation preempted New York’s power to punish crimes on navigable waters within its boundaries. It was decided that it did not. On the other hand, several lower court decisions have held that our legislation bars the prosecution of offenses that have previously been the basis of Federal prosecutions. (People v. Parker, 175 Misc. 776; People v. Mangano, 269 App. Div. 954, affd. on other grounds 296 N. Y. 1011; People v. Eklof, 179 Misc. 536; People v. Spitzer, 148 Misc. 97.)
We are also obliged to construe statutes so as to avoid constitutional doubts. (Kauffman & Sons Saddlery Co. v. Miller, 298 N. Y. 38; Matter of Coates, 9 N Y 2d 242; Dennis v. United States, 341 U. S. 494.) While there are numerous cases flatly holding that both the Federal and State Governments may constitutionally punish a man for a single act that offends the laws of both jurisdictions (United States v. Lanza, 260 U. S. 377, 382; Bartkus v. Illinois, 359 U. S. 121; Abbate v. United States, 359 U. S. 187), similar holdings in regard'to the dual sovereignty limitation on the constitutional protection against self incrimination have recently been overruled (Murphy v. Waterfront Comm. of N. Y. Harbor, 378 U. S. 52).
For these reasons, and in view of the fundamental character of the rule that a man shall not be twice vexed for the same cause and the deep roots it throws into the history of the criminal law, we are not inclined to narrow its application by exceptions based on an ambiguity of statutory draftsmanship. *379 We can think of no reason why the considerations underlying the admitted immunity predicated on a former judgment of a sister State or a foreign country are less compelling in regard to the Federal jurisdiction; nor have any been called to our attention by the People. Since the language of both section 33 of the Penal Law and section 139 of the Code of Criminal Procedure, though not entirely clear, will bear the construction which so clearly fulfills the purpose for which they exist, we hold that the United States comes within the definition of ‘ ‘ another state or country ’ ’ as used in the two relevant statutes.
Since the first count of the present indictment charges appellant with the same robbery of which he was acquitted in the Federal court, the count must fall. The additional element of obstruction of interstate commerce, necessarily present in the Federal indictment, does not diminish the substantial identity of the two charges. (People ex rel. Liss v. Superintendent, 282 N. Y. 115; People v. Mangano, 269 App. Div. 954, affd. 296 N. Y. 1011, supra.) The second count, charging grand larceny in the first degree (theft of the contents of the truck—Penal Law, § 1294, subd. 3), and the third count, charging assault in the second degree (with the intent to commit the larceny and robbery— Penal Law, § 242, subd. 5), are legally constituent elements of the crime of robbery and factually refer to the same acts that formed the basis of the Federal robbery indictment. Accordingly, since appellant could have been convicted of these two crimes under the Federal indictment, he may not again be placed in jeopardy for them. (Penal Law, § 1938; People ex rel. Di Lapo v. Tutuska, 27 Misc 2d 544, affd. 11 A D 2d 906, affd. 9 N Y 2d 910; People ex rel. Maurer v. Jackson, 2 N Y 2d 259; Matter of Zovick v. Eaton, 259 App. Div. .585; People v. Savarese, 1 Misc 2d 305, 325.)
The last count, charging the kidnapping of the driver of the hijacked truck, does not place appellant twice in jeopardy because the Federal prosecution did not include that separate offense. (People v. Repola, 280 App. Div. 735, affd. 305 N. Y. 740; People v. Florio, 301 N. Y. 46; People v. Hope, 257 N. Y. 147.) And even if it may be assumed that the acquittal of the robbery charge in the Federal court resulted from a failure to prove appellant’s participation in the crime — the question of identity appears paramount from the record of that case — *380 no collateral estoppel on the issue of identity may be invoked against the People in this ease. Collateral estoppel, as distinguished from the principle of double jeopardy, arises not so much from concern for the peace of mind of the defendant as from a long-recognized equitable reaction against allowing a party to relitigate issues which have already been decided against him. (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590; Hinchey v. Sellers, 7 N Y 2d 287.) Accordingly, while there is some flexibility in regard to those who may invoke collateral estoppel by judgment (Good Health Hairy Prods. Corp. v. Emery, 275 N. Y. 14; Israel v. Wood Dolson Co., 1 N Y 2d 116), it is essential that the party sought to be estopped be identical to, or a strict privity with, the party who previously had his day in court and lost. (Israel v. Wood Dolson Co., 1 N Y 2d 116, 119, supra; Portland Gold Min. Co. v. Stratton’s Independence, 158 F. 63; Jetter v. Brown, 200 Misc. 718.) Since the State of Few York was not a party to the Federal prosecution and had no control of that case, collateral estoppel may not be urged against it. The order appealed from should be modified by reversing so much thereof as reinstated the first three counts of the indictment, and the case remanded to the Supreme Court for trial on the charge of kidnapping.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Scileppi and Bergan concur.
Order modified and matter remitted to the Supreme Court, Kings County, for further proceedings in accordance with the opinion herein.