**UNITED STATES of America**

**v.**

**John ANDREADIS, a/k/a John Andre, Saul Miklean, Arthur D. Herrick, Drug Research Corporation, a corporation, New Drug Institute, Inc., a corporation, and Kastor, Hilton, Chesley, Clifford and Atherton, Inc., a corporation, Defendants.**

**No. 64-CR-28.**

United States District Court
E. D. New York.
Feb. 10, 1965.

See also 238 F.Supp. 802.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for the United States; Martin R. Pollner, Asst. U. S. Atty., of counsel.

Joseph E. Brill, New York City, for defendant Kastor, Hilton, Chesley, Clifford and Atherton, Inc.; Bernard J. Levy, New York City, of counsel.

BARTELS, District Judge.

This is a motion by defendant Kastor, Hilton, Chesley, Clifford and Atherton, Inc. (Kastor, Hilton) to dismiss the indictment herein upon the ground that the indictment violates its rights under the Fifth Amendment because the cooperation of the United States Attorney for this district with the New York District Attorney's office destroyed, in effect, the distinction between the State and Federal sovereignties and that the prosecution by the Federal Government under this indictment based upon the identical facts to which Kastor, Hilton had pleaded guilty in New York County constitutes double jeopardy. For a background of the case, reference is made to this Court's opinion in United States v. Andreadis, E.D.N.Y.1964, 234 F.Supp. 341.

No evidence has been offered to show that the conduct of the District Attorney of New York County and that of the United States Attorney for this district were improper or in any way eliminated the distinction between the two sovereignties, nor was any evidence offered of trickery perpetrated upon Kastor, Hilton by either prosecutor. Its claim that it did not receive notice of the depositions in the civil case is without merit because it was not entitled to such notice. Moreover, its counsel did appear for witnesses Henry K. Kahn, Richard King and George Levine. The argument that Kastor, Hilton is being punished a second time in the Federal court for the same offense and is thus subjected to double jeopardy, is not valid. At least it is not within the province of this Court to pioneer along this line in view of the decisions of the United States Supreme

**806**

Court.[1] United States v. Lanza, 1922, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314; Abbate v. United States, 1959, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729. Moreover, the offense to which Kastor, Hilton pleaded in New York County is not the same offense for which it is now being prosecuted in this Court inasmuch as the element of intent is essential to the Federal offense but is unnecessary to the State offense.

Motion is therefore denied.

This shall constitute an order.

---

1. However, a second prosecution for the same offense prosecuted in the Federal court is not possible in New York State. See People v. Lo Cicero, 1964, 14 N.Y.2d 374, 251 N.Y.S.2d 953, 200 N.E.2d 622, construing § 33 of the Penal Law, 39 McKinney's Consol.Laws, c. 40, § 33, and § 139 of the Code of Criminal Procedure, 66 McKinney's Consol.Laws, § 139.