■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNSON COOPER, Appellant, v. WILLIAM M. LOMBARD, as Sheriff of Monroe County, Respondent. — Judgment unanimously reversed and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Relator appeals from the judgment dismissing his writ of habeas corpus in this extradition proceeding wherein it appears that each of the two warrants of arrest issued by the Magistrate (on September 15, 1973 and September 20, 1973) in the demanding State rests upon an affidavit. The affidavit in support of one warrant was expressly made on information and belief and was conclusory in form and without statement of supporting facts. The affidavit in support of the other warrant was also conclusory in form, without statement of supporting facts and it did not identify the affiant's relationship to the crime. Neither showed the existence of probable cause to arrest the relator. That deficiency is the sole basis of relator's contention that the extradition papers are insufficient. Prior to decisions of the United States Supreme Court which made the Fourth and Fourteenth Amendments of the United States Constitution applicable to the several States (see *Mapp* v. *Ohio*, 367 U. S. 643; *Wolf* v. *Colorado*, 338 U. S. 25), the courts of New York in an extradition proceeding did not inquire as to whether probable cause for arrest was shown in the papers supporting a warrant of arrest from a demanding State (see *People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441, 445; *People ex rel. Gellis* v. *Sheriff of County of Westchester*, 251 N. Y. 33, 37–38). The inquiry was made as to the identity of the relator and whether or not he was in the demanding State at the time of the crime involved. In *Kirkland* v. *Preston* (385 F. 2d 670) the court held that since extradition deprives a relator of his liberty for the purpose of insuring his presence in the demanding State at a criminal trial, the papers in support of the warrant of arrest must show that probable cause exists for relator's arrest. This holding has been adopted in several cases by the Second Department of this State (*People* v. *Artis*, 32 A D 2d 554; and see *People ex rel. Miller* v. *Krueger*, 35 A D 2d 743; and *People ex rel. Gatto* v. *District Attorney of Richmond County*, 32 A D 2d 1053). We recognize that these cases pass over the pre-existing principle that the merits of the charge against a relator were for the courts of the demanding State to determine and that, if due process rights were not accorded to him there, the judgment of that State was subject to review by the United States Supreme Court, which thus justified the asylum State in not concerning itself therewith. Nevertheless, the asylum State has a vital interest in the liberty of its citizens and other inhabitants, and since it is only a slight burden on a demanding State to show probable cause for the issuance of a warrant of arrest (*Kirkland, supra*, p. 677), we join the Second Department in adopting the holding of *Kirkland* v. *Preston* (*supra*). (Appeal from judgment of Monroe County Court dismissing a writ of habeas corpus.) Present — Witmer, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.