■ The People of the State of New York ex rel. Aurell E. Cook, Jr., Appellant, v Frank Gavel, as Sheriff of Genesee County, Respondent.— Judgment unanimously affirmed. Memorandum: Relator appeals from the dismissal of his writ of habeas corpus which challenged the validity of an extradition warrant issued by the Governor of New York directing that

relator be delivered to Pennsylvania authorities to answer charges of aggravated assault. The assault is alleged to have occurred on November 20, 1973 when relator was driving a tractor-trailer in Pennsylvania. He was stopped by the police and instructed to follow them to a truck weighing station. Relator then fled and during the 15-mile chase he allegedly tried several times "to push the Pennsylvania State Police vehicle off the highway, thereby attempting to cause serious bodily injury". During the chase relator crossed the border into New York State where he was arrested by New York police and given a speeding ticket. The Pennsylvania police were present at this time but did not arrest relator. The day after the incident one of the Pennsylvania police swore out a criminal complaint against relator before a Pennsylvania District Magistrate, who issued an arrest warrant. Pursuant to a fugitive warrant relator was arrested in Batavia, New York on December 7, 1973. On January 11, 1974, by which time the 30-day maximum period fixed by CPL 570.36 for commitment to await requisition had expired, the proceeding was dismissed for the "Failure of Pennsylvania to expedite". Five days after the dismissal the Governor of Pennsylvania executed a requisition demanding relator's return to Pennsylvania to answer the aggravated assault charge. The New York Governor's extradition warrant recited that the requisition was "accompanied by affidavit sworn to before a Magistrate and warrant issued thereon; supporting affidavit, duly certified by [the Governor of Pennsylvania]". Relator makes three arguments for the reversal of the judgment. The first is that Genesee County Court, in determining the sufficiency of the papers supporting the extradition warrant, improperly considered the supporting affidavit of Trooper Lewis, which was dated one month later than the Pennsylvania arrest warrant. We cannot agree with this contention. The question before us is not whether the Pennsylvania Magistrate had probable cause for the arrest warrant, but whether the New York Governor had probable cause for the extradition warrant. Thus, whether or not the supporting affidavit was before the Magistrate, it certainly was before the Governor of New York and it alleges the factual details of the alleged assault and is made upon the affiant's personal knowledge. All of the papers before the New York Governor showed that probable cause existed for the issuance of the extradition warrant *(People ex rel. Cooper v Lombard,* 45 AD2d 928; *People v Artis,* 32 AD2d 554). The affidavit requirements for a demand as prescribed by section 570.08 are sufficiently observed. The second ground relator asserts is that the issuance of the Governor's warrant after the dismissal on January 14, 1974 of the original fugitive proceeding subjected him to double jeopardy, for he is "twice vexed for the same cause" *(People v Lo Cicero,* 14 NY2d 374, 378). *Lo Cicero* is completely distinguishable from the instant case. It was held in *Lo Cicero* that where the defendant was tried and acquitted of a Federal criminal charge it was error to deny his motion to dismiss a State indictment grounded on the same acts which formed the basis for the Federal indictment. Relator's reliance on *Breed v Jones* (421 US 519, 531) is also misplaced. In *Breed* respondent was first subjected to juvenile court proceedings wherein it was determined in an adjudicative hearing that he was unfit for treatment as a juvenile and ordered him prosecuted as an adult. Respondent was subjected to the burden of two trials and the court in *Breed* properly held that the second trial violated the double jeopardy clause. In the instant case there was nothing resembling trial in the first fugitive proceeding. Indeed, an extradition proceeding by its nature does not decide the question of guilt of the offense charged by the demanding State. Jeopardy never attached to the relator. (Cf. *People ex rel. Spence v Sheriff of*

*County of Rensselaer,* 44 AD2d 867.) We do not agree with relator's final claim that he is not a fugitive (CPL 570.06). He appears to argue that the failure of the Pennsylvania police to arrest him after they pursued him into New York State somehow works an estoppel or waiver which prevents Pennsylvania from demanding his extradition. A fugitive from justice has been defined as " 'a person who commits a crime within a state, and withdraws himself from such jurisdiction without waiting to abide the consequences of such act' [citation omitted]" *(People ex rel. Higley v Millspaw,* 281 NY 441, 446). Relator has failed "to establish by *conclusive* evidence that he was not in the demanding State when the crime was committed and is not a fugitive from justice *(People ex rel. Gottschalk v Brown, supra,* [237 NY 483]; *People ex rel. Fong v Honeck,* 253 NY 536)" *(People ex rel. Higley v Millspaw, supra,* p 447). (Appeal from judgment of Genesee County Court dismissing writ of habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.