■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL ANTHONY GELLER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated November 5, 1976, which granted defendant's motion to dismiss the indictment. Order reversed, on the law, and indictment reinstated. On September -30, 1974 defendant was arrested and placed in the custody of Federal authorities for allegedly committing a bank robbery. Plea negotiations were commenced, but as of April 17, 1975 no agreement had been reached. On that date defendant appeared in the United States District Court for the Eastern District of New York and his attorney indicated that she intended to raise the Federal six-month speedy trial rule. (The delay in prosecution appears to have occurred because the assistants handling the case at the United States Attorney's office left said office.) No further action was taken on that date other than to mark the case off the calendar. Subsequently, the Assistant United States Attorney in charge of the case contacted the Kings County District Attorney's office to inquire if it would be interested in prosecuting the defendant. The District Attorney's office apparently decided that it would be and, in an indictment filed June 13, 1975, defendant was charged with robbery in the first degree, grand larceny in the second degree and grand larceny in the third degree. Defendant was not arrested on these charges until September 23, 1975, a delay that could have been avoided by more diligent efforts to locate him. Defendant moved, at Criminal Term, to dismiss the indictment based on collateral estoppel, the interest of justice and the denial of his right to a speedy trial. We hold that these grounds do not warrant the dismissal of the indictment. The basis of dismissing the indictment on the ground of collateral estoppel is that the Federal charges would have been dismissed with prejudice for violation of the speedy trial rule, thereby barring the State

prosecution. The difficulty with this approach is that the issues have not been litigated (see *People v Lo Cicero,* 14 NY2d 374, 379-380); nor is there an identity of issues and parties (see *People v Reisman,* 29 NY2d 278, 285). Regarding the ground of the interest of justice (see CPL 210.40), we have considered the factors set forth in *People v Clayton* (41 AD2d 204, 208) and find that there is no compelling circumstance clearly demonstrating that the prosecution of defendant would result in injustice. In our view the transfer of the prosecution to the State by the United States Attorney's office, even if done to circumvent the Federal six-month speedy trial rule, is not such a compelling circumstance in view of the relatively short period by which the Federal prosecutor exceeded said rule. As to defendant's contention that he was denied a speedy trial, it is true that between the Federal and State authorities, his prosecution was delayed from September 30, 1974 to September 23, 1975. However, the delay does not by itself justify the drastic measure of dismissal of the indictment (cf. *People v Staley,* 41 NY2d 789; *People v Taranovich,* 37 NY2d 442). There is no indication that defendant was prejudiced by the delay in his prosecution. Accordingly, the indictment should be reinstated. Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.