620 P.2d 1279

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**John SANDOVAL, Defendant–Appellee.**

**No. 13186.**

Supreme Court of New Mexico.

Dec. 30, 1980.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff–appellant.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant–appellee.

## OPINION

FELTER, Justice.

Plaintiff–appellant, State of New Mexico (State), appeals from an order dismissing a fugitive complaint and ordering the release from custody of defendant–appellee, John Sandoval (Sandoval), held under the Governor's warrant for extradition. We reverse.

The issues raised on appeal are whether res judicata and absence of a speedy extradition hearing void an executive grant of extradition in a proceeding before a court sitting in the asylum state.

Sandoval was first arrested in New Mexico in November, 1976 in connection with a murder pending in California. He was released in February, 1977 because California failed to perfect extradition within ninety days as required by Sections 31–4–15 and 31–4–17, N.M.S.A.1978. In October, 1977 Sandoval was rearrested, and again released as was recited by Judge Traub, "by police when it was apparently ascertained that no charges were pending against him." In December, 1977 a warrant was issued by the Governor. In April, 1978 the district attorney filed a nolle prosequi because they were unable to locate Sandoval. On November 20, Sandoval again was rearrested. On November 27, 1979 the Governor's warrant was refiled. Finally, in December, 1979 a hearing was had before Judge Traub. Judge Traub ruled that Sandoval, because of the delay in bringing the extradition proceedings, had been denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, and dismissed the fugitive complaint with prejudice. No appeal was taken from that ruling.

On January 7, 1980, the Governor of New Mexico issued a warrant upon request from California. Finally, on April 18, 1980 a hearing was held before Judge Brennan. Judge Brennan found and decided:

(1) The issues had previously been litigated before Judge Traub.

(2) Since Judge Traub's decision had not been appealed, his judgment was final.

(3) Collateral estoppel and res judicata required dismissal of the action, and he ordered the release of Sandoval.

It is from the decision of Judge Brennan that this appeal is taken. We have set out in detail the long path that Sandoval's extradition proceedings have taken. We have done so because the delay occasioned by that tortuous path is a part of the basis for this appeal. Our decision does not condone such delay nor suggest that those responsible brought the case to the courts in a workmanlike time or manner. We decide the case upon the legal principles that are applicable to appellant's contentions.

*Delays in extradition proceedings and the Sixth Amendment.*

■ An asylum state in extradition proceedings is without authority to adjudicate the defendant's right to a speedy trial in the demanding state upon charges lodged against him there.

In *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1980), the Supreme Court held that once the Governor has granted extradition, a court in the asylum state considering release on habeas corpus is limited to a determination of:

(a) Whether the extradition documents on their face are in order;

(b) Whether the petitioner has been charged with a crime in the demanding state;

(c) Whether the petitioner is the person named in the request for extradition; and

(d) Whether the petitioner is a fugitive.

*Id.*, 439 U.S. at 289, 99 S.Ct. at 535.

■ Questions relating to the guilt or innocence of the defendant for the crime charged in the demanding state, logically are reserved for the courts of the demanding state and may not be inquired into by the courts of the asylum state except for the identity of the person held as being the person charged with the crime. Section 31–4–20, N.M.S.A.1978. An asylum state, without evidence or knowledge concerning the circumstances surrounding the crime and the trial for the crime in the demanding state, would proceed to determine Sixth Amendment rights in a partial vacuum. The demanding state normally would be clothed with a much more complete factual predicate for application to questions of a speedy trial upon charges lodged in the demanding state. Article IV, Section 2 of the U.S. Constitution, the basis for extradition, by its terms is not made contingent upon a Sixth Amendment right to a speedy trial as contained in the Constitution. Those provisions are in pari–materia and should be read together and harmonized in their application if possible. This is not difficult. Sixth Amendment rights may be fully adjudicated and protected by the courts of the demanding state. The extradition of a fugitive from criminal charges may be fully administered by the courts of the asylum state. Such an orderly allocation of responsibility does no violence to either provision in the Constitution and gives full effect to both provisions. Nothing in or about the Sixth Amendment to the United States Constitution constrains us to rule that the scheme of things mandates concurrent, multi–state forums for adjudication and enforcement of the right to a speedy trial. Extradition proceedings are particularly free from such constraints. The trial court was without jurisdiction to consider and adjudicate the right of the defendant to a speedy trial in California, the demanding state.

*Res judicata, double jeopardy and estoppel in extradition proceedings.*

■■ An extradition proceeding is not a trial for a criminal offense and does not deal with questions of guilt or innocence. Section 31–4–20, *supra*. Concepts of res judicata, double jeopardy and estoppel do not apply to extradition proceedings and are not within the purview of inquiry in an extradition proceeding.

■ The particular inquiries involved in this appeal appear to present questions of first impression in New Mexico. Paralleling the issues here, our Court has held that

a habeas corpus challenge to extradition is not a proper proceeding in which to try a question of alibi. *Bazaldua v. Hanrahan,* 92 N.M. 596, 592 P.2d 512 (1979). Other jurisdictions deal squarely with both issues here on appeal. In *Price v. Pitchess,* 556 F.2d 926 (9th Cir. 1977), the court held that double jeopardy and the absence of a speedy trial cannot be raised to defeat extradition in a habeas corpus proceeding before a federal court sitting in the asylum state. Other cases in harmony with *Price v. Pitchess, supra,* and reaching an identical result upon speedy trial or double jeopardy assertions in extradition proceedings are *In Re Maldonado,* 364 Mass. 359, 304 N.E.2d 419 (1973); and *People ex rel. Cook v. Gavel,* 51 App. Div.2d 641, 377 N.Y.S.2d 839 (1976). It is noted further that the particular extradition proceedings based upon the warrant issued by the Governor of New Mexico on January 7, 1980 upon a request from California, was never the subject before Judge Traub whose ruling was on December 26, 1979. Even disregarding the narrow scope of extradition proceedings as discussed infra, the facts upon which a court is acting ordinarily cannot be extended backward in their time frame to create a res judicata barrier.

The decision of the trial court is reversed and the trial court is instructed to discharge the writ and remand the defendant to the custody of the Sheriff for delivery to the agent of the State of California.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.