678 P.2d 699

**Rod HOPPER, Petitioner-Appellee,**

v.

**STATE of New Mexico, ex rel. Steven H. SCHIFF, District Attorney, Respondent-Appellant.**

**No. 15053.**

Supreme Court of New Mexico.

March 28, 1984.

Steven H. Schiff, Dist. Atty., Dorothy Sanchez, Steven A. Slusher, Asst. Dist. Attys., Albuquerque, Paul Bardacke, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for respondent-appellant.

Query, Fairfield, Reecer, Strotz & Stribling, Kenneth A. Hunt, Albuquerque, for petitioner-appellee.

OPINION

STOWERS, Justice.

This appeal by the State of New Mexico on behalf of the Bernalillo County District Attorney arose from a habeas corpus proceeding held in the district court of Bernalillo County. The appellee, Rod Hopper, had been served with a governor's warrant for extradition from the State of Wisconsin. The district court found that the appellee had not been charged with a crime

under Wisconsin law. The district court quashed the governor's warrant, and released the defendant. The State appeals. We reverse.

The issue we decide on appeal is whether the district court has the authority to go behind the charging documents to determine the applicability of the demanding state's criminal statute.

The appellee is from the State of Wisconsin where he was charged with the crime of felony theft of property valued at $12,000 pursuant to WIS.STAT. Section 943.20(1)(a) (1979). On February 16, 1983, the appellee was arrested and a fugitive complaint was filed on February 17, 1983. A governor's extradition warrant was issued on March 24, 1983. An arraignment held on the governor's warrant resulted in a petition for writ of prohibition because the district court ordered that the appellee continue to be released on bond. The writ was granted and made permanent in *State ex rel. Schiff v. Brennan*, 99 N.M. 641, 662 P.2d 642 (1983). On April 18, 1983, a hearing was held on the appellee's habeas corpus petition. The district court found that the fugitive complaint and governor's warrant were filed in a timely manner and properly executed by the governors of New Mexico and Wisconsin. However, the district court went on to determine that the acts that the appellee was alleged to have committed were not a crime under Wisconsin law and therefore quashed the governor's extradition warrant.

An issue of interstate extradition is primarily· governed by the federal constitution. The State's obligation in this regard is found at U.S. Const. Article IV, Section 2, Clause 2 which states:

A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

The Congressional enactment implementing this clause is found at 18 U.S.C.A. Section 3182. Moreover, it has long been the rule that the states may enact consistent ancillary and supplemental legislation. New Mexico has adopted the Uniform Criminal Extradition Act, NMSA 1978, Sections 31–4–1 through 31–4–30 (Orig.Pamp. and Cum. Supp.1983). Pursuant to the terms of Section 31–4–10, the prisoner or his counsel have the right to test the legality of the detention under the governor's warrant of the asylum state by making an application for a writ of habeas corpus.

The State argues that the district court's action was a redetermination of probable cause contrary to *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978) and therefore the district court was without authority to quash the governor's warrant. *Michigan v. Doran* is recognized as the case establishing what a court in a habeas corpus proceeding, testing the legality of the detention, may consider in making such a determination. In *Michigan v. Doran*, the Supreme Court determined that once the governor has granted extradition, a court in the asylum state considering release on habeas corpus can do no more than decide the following:

(a) whether the extradition documents on their face are in order;

(b) *whether the petitioner has been charged with a crime in the demanding state;*

(c) whether the petitioner is the person named in the request for extradition; and

(d) whether the petitioner is a fugitive.

*Id.* at 289, 99 S.Ct. at 535. (Emphasis added.) This Court adopted the rules announced in *Michigan v. Doran* in the case of *Bazaldua v. Hanrahan*, 92 N.M. 596, 592 P.2d 512 (1979) and reaffirmed these rules in *State v. Sandoval*, 95 N.M. 254, 620 P.2d 1279 (1980).

Whether the accused has been substantially charged with having committed a crime in the demanding state is also one of the requirements of Section 31–4–3, which sets forth the form of demand in an extradition proceeding:

No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing, alleging ... that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied ... by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon .... *The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state.* (Emphasis added.)

In the present case, the Wisconsin criminal complaint and arrest warrant states that:

[O]n or about July 1, 1981, ... [the appellee] did feloniously and intentionally take and carry away, conceal and retain possession of the property of another, Lucy Hopper, $12,000.00, without the consent of Lucy Hopper contrary to Section 943.-20(a) [sic].

Section 943.20 is titled "Theft," and Subsection (1)(a) states that a theft occurs when one does the following:

Intentionally takes and carries away, uses, transfers, conceals, or retains possession of movable property of another without his consent and with intent to deprive the owner permanently of possession of such property.

The appellee contends that pursuant to Wisconsin law he could not be charged with theft. The appellee claims that he was charged with taking the one-half interest in the equity of a home he owned with his former spouse, and that liabilities growing out of this type of debtor-creditor relationship cannot be made the basis of the charge of theft. We need not interpret the law of Wisconsin as it applies to this case. Whether the acts of the appellee fall within the terms of the statute is a matter to be determined by the courts in Wisconsin.

Moreover, the appellee did not take advantage of the governor's discretion not to extradite him to Wisconsin. NMSA 1978, Section 31-4-4 provides:

When a demand shall be made upon the governor of this state by the executive authority of another state for the surrender of a person so charged with crime, the governor may call upon the attorney general or any prosecuting officer in this state to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered.

The appellee did not pursue this remedy. Consequently this matter proceeded to a hearing without an investigation having been made.

In the present case, all statutory requirements as to the form of the demand of extradition have been complied with. The district court found that the criminal complaint and warrant charged the appellee with committing the crime of theft of property valued at $12,000 in the County of Oneida, State of Wisconsin, contrary to Section 943.20(1)(a). The district court also found that the documents were in all respects proper as to form and certification. Once a governor's warrant has been issued, this is *prima facie* evidence that the extradition statute was complied with. *Bazaldua v. Hanrahan.* Furthermore, to allow the New Mexico court to review the issues that should be fully litigated in Wisconsin would undermine the plain purpose of the summary and mandatory procedures authorized by U.S. Const. Article IV, Section 2. *See Michigan v. Doran.*

In this case, we find that the appellee has been charged with a crime in the State of Wisconsin. It is now up to the demanding state to determine whether the acts of the appellee fall within the proscriptions of the Wisconsin statute. We also hold that the district court was without the authority to go behind the charging documents and determine whether the actions of the appellee amounted to criminal behavior in Wisconsin. The judgment of the district court is reversed. This case is remanded to the district court with directions to reinstate

the governor's warrant and to order the appellee returned to the State of Wisconsin.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.